Matter of Jacques (2025 NY Slip Op 05891)

Matter of Jacques

2025 NY Slip Op 05891

Decided on October 23, 2025

Appellate Division, First Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Saliann Scarpulla

Justice Presiding

Ellen Gesmer LlinÉt M. Rosado Kelly O''Neill Levy Marsha D. Michael

Justices.

Motion No. 2025-04224|Case No. 2025-04771|

[*1]In the Matter of Jennifer Jacques an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jennifer Jacques (OCA Atty Reg. 4703872), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jennifer Jacques, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 23, 2009.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York

(Raymond Vallejo, of counsel), for petitioner

Respondent, pro se.

Per Curiam

Respondent Jennifer Jacques was admitted to the practice of law in the State of New York by the First Judicial Department on March 23, 2009.[FN1] At all times relevant to this proceeding, respondent maintained a registered address in the First Judicial Department.

On February 14, 2025, respondent pleaded guilty to grand larceny in the second degree, scheme to defraud in the first degree, and two counts of offering a false instrument for filing in the first degree, in violation of, respectively, Penal Law §§ 155.40(1), 190.65(1), and 175.35(1), all felonies. The misconduct that formed the basis for her conviction stemmed from respondent's fraudulent acquisition of affordable housing in Manhattan via the New York City Department of Housing, Preservation, and Development. Respondent admitted that she was not eligible for the housing she obtained, as well as the hundreds of thousands of dollars in benefits she received by providing false information on applications to rent and own housing units. On April 3, 2025, respondent was sentenced to a term of probation of five years, 500 hours of community service, and a $300 surcharge.

Now, by motion dated July 31, 2025, the Attorney Grievance Committee (AGC)seeks an order, pursuant to Judiciary Law § 90 (4) (a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (1), striking respondent's name from the roll of attorneys and counselors-at law in the State of New York on the ground that she has been convicted of a felony as defined by Judiciary Law § 90 (4) (e), specifically, her February 14, 2025 felony convictions for grand larceny in the second degree, scheme to defraud in the first degree, and two counts of offering a false instrument for filing in the first degree. The AGC maintains that respondent's felony conviction is a proper predicate for automatic disbarment and, as such, respondent's name should be stricken from the roll of attorneys (see Matter of Cohen, 227 AD3d 18 [1st Dept 2024]; Matter of Solny, 213 AD3d 24 [1st Dept 2023]; Matter of Scharf, 193 AD3d 118 [1st Dept 2021]; Matter of Carlebach, 163 AD3d 192 [1st Dept 2018]).

Although respondent consented to electronic service of this motion on February 14, 2025, respondent has not submitted a response.

Based on the foregoing, respondent should be disbarred by operation of law as of the date of her conviction for, among other things, grand larceny in the second degree (see e.g. Matter of Hanlon, 180 AD3d 51 [1st Dept 2019]; Matter of Brosius, 138 AD3d 216 [1st Dept 2016]; Matter of Block, 105 AD3d 70 [1st Dept 2013]).

Accordingly, the AGC's motion should be granted, respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 14, 2025 (date of conviction).

All concur.

Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90(4)(a) and (b), and 22 NYCRR 1240.12(c)(1), is granted, and respondent is disbarred and her name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to February 14, 2025, and until further order of this Court; and

It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Jennifer Jacques, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and

It is further Ordered that, respondent, Jennifer Jacques, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and

It is further Ordered that if respondent, Jennifer Jacques, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.

Entered: October 23, 2025

Footnotes

Footnote 1: Respondent is pro se and has not appeared in this proceeding.